IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SIALELE EUTA LIGHTSY, | ) |
| | ) Civ. No. 05-00515 ACK/LEK |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| STATE OF HAWAII; LINDA LINGLE, in her capacity as Governor of the State of Hawaii; FRANK J. LOPEZ, in his capacity as Interim Director of the Department of Public Safety, State of Hawaii, | ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

**ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS**

**BACKGROUND**

On August 11, 2005, Sialele Euta Lightsy ("Plaintiff") filed a Complaint against the State of Hawaii, Linda Lingle in her capacity as Governor of the State of Hawaii, and Frank J. Lopez in his capacity as Interim Director of the Department of Public Safety of the State of Hawaii (collectively "Defendants"). In the Complaint, Plaintiff alleges that Defendants discriminated against her in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., by refusing to provide reasonable accommodations to her because of her disability. See Complaint at 4. Plaintiff alleges that she suffered a job-

related lower back injury in February 2002, which restricted her to lifting less than 40 pounds.  Id.  As a result of her injury, Plaintiff alleges that Defendants reassigned her (during the pendency of her worker's compensation claim) from her position at the Oahu Community Correctional Center as an Adult Corrections Officer III ("ACO III") to a position as an ACO III/Mail Censor, which is a "light duty" assignment.  Id.  Plaintiff alleges that on June 7, 2004, after 9 years of service, she was discharged from her employment because her worker's compensation claim had been dismissed and because it is the Defendants' policy that "light duty" assignments are not available to employees with physical disabilities who are not receiving worker's compensation benefits.  Id.  Plaintiff claims that Defendants' alleged refusal to meaningfully explore reasonable accommodations or engage in an interactive process to determine a reasonable accommodation for Plaintiff's disability constitutes gross, wanton, and/or intentional violation of her rights under the ADA.  Id. at 4-5.

     The Complaint requests the following relief: (1) a declaration that the Defendants' "refusal to engage in an interactive process with Plaintiff to make a reasonable accommodation to Plaintiff's known physical limitations" and Defendants' "refusing to extend her 'light duty' assignment on the grounds that only employees with physical limitations who are receiving worker's compensation benefits are entitled to be

considered for 'light duty' assignments" violated Plaintiff's rights under the ADA; (2) an injunction ordering the Defendants to comply with the ADA within 90 days; (3) reinstatement and/or special damages, including back pay, promotions, retirement, health care benefits, legal fees, pre-judgment interest, front pay, and other compensatory damages; and (4) litigation costs, including reasonable expert and attorney's fees.

On November 18, 2005, Defendants filed a Motion to Dismiss.  On January 19, 2006, Plaintiff filed an Opposition.  On January 30, 2006, Defendants filed a Reply.  On February 6, 2006, this Court held a hearing on the motion.

## **STANDARD**

### I. Motion to Dismiss for Lack of Subject Matter Jurisdiction

A court's subject matter jurisdiction may be challenged under Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)"). "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." See Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).

On a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the court is not "restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).  "Once the moving party [converts]

the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Savage v. Glendale Union High Sch., 343 F.3d 1036, 1040 n.2 (9th Cir. 2003).

"The requirement that the nonmoving party present evidence outside his pleadings in opposition to a motion to dismiss for lack of subject matter jurisdiction is the same as that required under Rule 56(e) that the nonmoving party to a motion for summary judgment must set forth specific facts, beyond his pleadings, to show that a genuine issue of material fact exists." Trentacosta v. Frontier Pac. Aircraft Indus., Inc., 813 F.2d 1553, 1559 (9th Cir. 1987).  Thus, the moving party "should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Casumpang v. Int'l Longshoremen's & Warehousemen's Union, 269 F.3d 1042, 1060-61 (9th Cir. 2001).

**II. Motion to Dismiss for Failure to State a Claim upon which Relief Can Be Granted**

Under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), in deciding a motion to dismiss for failure to state a claim upon which relief can be granted, this Court must accept as true the plaintiff's allegations contained in the complaint and view them in the light most favorable to the plaintiff.

Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Wileman Bros. & Elliott, Inc. v. Giannini, 909 F.2d 332, 334 (9th Cir. 1990); Shah v. County of Los Angeles, 797 F.2d 743, 745 (9th Cir. 1986). Thus, the complaint must stand unless it appears beyond doubt that the plaintiff has alleged no facts that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts alleged under a cognizable legal theory. Balistreri, 909 F.2d at 699, Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984).

In essence, as the Ninth Circuit has stated, "[t]he issue is not whether a plaintiff's success on the merits is likely but rather whether the claimant is entitled to proceed beyond the threshold in attempting to establish his claims." De La Cruz v. Tormey, 582 F.2d 45, 48 (9th Cir. 1979). The Court must determine whether or not it appears to a certainty under existing law that no relief can be granted under any set of facts that might be proved in support of plaintiff's claims. Id.

A motion under Rule 12(b)(6) should also be granted if an affirmative defense or other bar to relief is apparent from the face of the complaint, such as lack of jurisdiction or the statute of limitations. 2A J. Moore, W. Taggart & J. Wicker,

Moore's Federal Practice, ¶12.07 at 12-68 to 12-69 (2d ed. 1991 & supp. 1191-92) (citing Imbler v. Pachtman, 424 U.S. 409 (1976) (emphasis added)).

## DISCUSSION

Defendants seek dismissal of the Complaint on the grounds of sovereign immunity.  See Motion to Dismiss at 6-7.  Additionally, Defendants argue that the Court lacks jurisdiction to hear Plaintiff's claim under 42 U.S.C. § 1983 ("Section 1983").  See id. at 8.  In the alternative, Defendants request that only Plaintiff's monetary claims be dismissed.  See id. at 9.

**I.   State of Hawaii's Immunity from Suit under the ADA**

Under the Eleventh Amendment, a state is immune from suit by its own citizens or citizens of other states in federal court.  Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1989).[1]  A state's sovereign immunity from suit in federal court "applies regardless of the nature of the relief sought."  See Pennhurst State School & Hospital, 465 U.S. at 100; see also Papasan v. Allain, 478 U.S. 265, 276 (1986) (sovereign immunity exists whether the relief sought against the state is legal or

---

[1] The Eleventh Amendment, U.S. Const. amend XI., provides:

> The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

equitable).  Sovereign immunity does not prohibit a suit, however, when the state waives its immunity from suit in federal court or where Congress validly abrogates the immunity. Pennhurst State School & Hospital, 465 U.S. at 99; In re Jackson, 184 F.3d 1046, 1048 (9th Cir. 1999).

    **A.**    **State Waiver of Immunity**

"A state may waive its Eleventh Amendment immunity only by giving an 'unequivocal indication' that it consents to suit in a federal court."  Charley's Taxi Radio Dispatch v. SIDA of Hawaii, Inc., 810 F.2d 869, 873 (9th Cir. 1987); see also Pennhurst State School & Hospital, 465 U.S. at 99.  "[I]n the absence of consent, a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."  Pennhurst State School & Hospital, 465 U.S. at 101.  The State of Hawaii has not given an unequivocal indication of consent to this suit; to the contrary, the State has asserted its constitutional immunity from this suit in its Motion to Dismiss.  Accordingly, the Court finds that the State has not waived its sovereign immunity from suit.

    **B.**    **Congressional Abrogation of Immunity**

Congress may abrogate the state's sovereign immunity if it has "unequivocally expressed its intent to abrogate the immunity [and] has acted pursuant to a valid exercise of power." Seminole Tribe of Florida v. Florida, 517 U.S. 44, 55 (1996)

(internal citation omitted).  To express its intent to abrogate the immunity, Congress must make "its intention unmistakably clear in the language of the statute."  Id. at 56.  To constitute a valid abrogation of immunity, Congress must act pursuant to an exercise of its constitutional authority.  See Board of Trustees of the University of Alabama v. Garrett, 531 U.S. 356, 364 (2001); Seminole Tribe of Florida, 517 U.S. at 59.  Plaintiff asserts that Congress abrogated the State of Hawaii's immunity from suit by enacting Titles I and II of the ADA.  See Opposition at 2-3.

### 1)   Title I of the ADA

Title I of the ADA prohibits discrimination "against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."  42 U.S.C. § 12112.

In Board of Trustees of the University of Alabama v. Garrett, the U.S. Supreme Court held that Congress did not validly abrogate the States' sovereign immunity from suit by private individuals for money damages under Title I of the ADA.  531 U.S. 356, 374 (2001).  The Court noted that two methods of federal recourse under Title I of the ADA remained after its decision: the standards of Title I "can be enforced by the United

States in actions for money damages, as well as by private individuals in actions for injunctive relief under Ex Parte Young." See Garrett, 531 U.S. at 374 n.9; see also Ex Parte Young, 209 U.S. 123 (1908).

The Court did not leave open the recourse of injunctive relief against a state under Title I. See Savage v. Glendale Union High School, 343 F.3d 1036, 1040 (9th Cir. 2003) (citing Garrett for the proposition that "Congress may not abrogate the sovereign immunity of the states for suits under Title I of the ADA," and therefore plaintiff may not sue an arm of the state in federal court for injunctive or monetary relief under Title I). See also Green v. Duval County Health Dep't, 2005 WL 3158047 at *1-2 (M.D. Fla. Nov. 28, 2005) (Garrett establishes that suits under Title I for prospective injunctive relief against state officials in their official capacities are permitted under Ex Parte Young, and that suits against the state or state agency for injunctive relief are barred by sovereign immunity); Wallace v. Georgia Dep't of Transportation, 2005 WL 2031111 at *16 (M.D. Ga. Aug. 23, 2005) (finding that Title I claim for injunctive relief against state department is barred by Eleventh Amendment pursuant to Garrett; where "plaintiff makes a claim for injunctive relief against a state, it must be made against a state official in his or her official capacity").

For these reasons, this Court finds that Plaintiff's claims under Title I against the State of Hawaii are barred by sovereign immunity. See Pennhurst State School & Hospital, 465 U.S. at 99, n. 8 (Eleventh Amendment immunity "deprives federal courts of any jurisdiction" to entertain claims against states absent a state's consent to suit or Congress' abrogation of the immunity).

**2)   Title II of the ADA**

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity." 42 U.S.C. § 12132.

The Complaint does not specify whether Plaintiff's claims are made pursuant to Title I, Title II, or both of these titles of the ADA.[2/]  Plaintiff's Opposition references both Titles I and II. See Opposition at 3, 5.

---

[2/] The Complaint refers to "29 U.S.C. § 794, et seq.," which is Section 504 of the Rehabilitation Act. See Complaint at 3 (citing this provision as one of the statutes under which the action arises).  This reference may indicate that Plaintiff intended to state a claim under Title II of the ADA, because Section 504 of the Rehabilitation Act contains the remedial measures on which Title II's remedies are based. See Miranda B. v. Kitzhaber, 328 F.3d 1181, 1188 (9th Cir. 2003).  The Complaint does not appear to allege a cause of action under the Rehabilitation Act and Plaintiff's Opposition makes no discussion of the Rehabilitation Act.

Assuming that Plaintiff is intending to allege a violation of Title II of the ADA, the Ninth Circuit has found that Congress validly abrogated the states' Eleventh Amendment sovereign immunity under that title.  See Miranda B. v. Kitzhaber, 328 F.3d 1181, 1185 (9th Cir. 2003) (declining to review established Ninth Circuit precedent holding that Congress validly abrogated state immunity under Title II of the ADA, but recognizing the Garrett decision's holding that Congress did not validly abrogate the states' sovereign immunity under Title I); see also United States v. Georgia, 126 S. Ct. 877, 882 (2006) (finding that Title II validly abrogates state sovereign immunity for conduct that actually violates the Fourteenth Amendment, but declining to reach the issue of whether Title II validly abrogates state sovereign immunity for conduct that does not violate the Fourteenth Amendment).  Thus, Plaintiff's Title II claim against the State of Hawaii is not barred by sovereign immunity.

Plaintiff's Title II claim against the State of Hawaii nonetheless fails because the Ninth Circuit has held that "Title II does not apply to employment."  Zimmerman v. Oregon Dep't of Justice, 170 F.3d 1169, 1184 (9th Cir. 1999) (recognizing an inter-circuit split of authority but finding that Title II of the ADA does not apply to employment).  The allegations contained in the Complaint relate solely to Plaintiff's employment as opposed

to the "public services" that are covered under Title II.  Id., 170 F.3d at 1172-1174.  For this reason, Plaintiff has failed to state a claim against the State of Hawaii under Title II for which relief can be granted.

## II. Governor Lingle and Mr. Lopez's Immunity from Suit under the ADA

The Complaint names Governor Lingle and Mr. Lopez in their official capacities only.  See Complaint at 2 (naming Linda Lingle "in her capacity as Governor of the State of Hawai'i" and Frank J. Lopez "in his capacity as Interim Director of the Department of Public Safety, State of Hawai'i").

### A. Title I of the ADA

Under the doctrine espoused by the U.S. Supreme Court in Ex Parte Young, the Eleventh Amendment bars suits against state officials in their official capacities when the relief sought is retrospective or compensatory in nature, but does not prohibit suits against state officials, sued in their official capacities, based upon federal law when only prospective relief is sought.  See Agua Caliente Band of Cahuilla Indians v. Hardin, 223 F.3d 1041, 1045 (9th Cir. 2000); Han v. United States Dep't of Justice, 45 F.3d 333, 338 (9th Cir. 1995); see also Ex Parte Young, 209 U.S. 123 (1908).

An allegation by Plaintiff that she is seeking prospective relief is not necessarily enough to avoid dismissal for Eleventh Amendment immunity.  See Han, 45 F.3d at 338.

"Relief that in essence serves to compensate a party injured in the past by an action of a state official in his official capacity that was illegal under federal law is barred . . . even though styled as something else." Id. (citing Papasan v. Allain, 478 U.S. 265, 278 (1986)). "In determining whether the doctrine of Ex Parte Young avoids an Eleventh Amendment bar to suit, a court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" Miranda B., 328 F.3d at 1189 (citing Verizon Maryland, Inc. v. Public Service Commission of Maryland, 535 U.S. 635, 645 (2002)).

A straightforward inquiry reveals that Plaintiff's claim for declaratory relief seeks a declaration that a past action (a previous refusal to extend Plaintiff's "light duty" assignment) violated Title I of the ADA. See Complaint at 5. To the extent that Plaintiff seeks a declaration against Governor Lingle and Mr. Lopez that their past actions violated Title I, that claim is barred by the Eleventh Amendment. See Agua Caliente, 223 F.3d at 1045.

It is unclear from the Complaint whether Plaintiff is also seeking a declaration that some ongoing action continues to violate her rights under Title I and/or that an injunction is necessary to stop some ongoing violation of her rights under Title I. See Complaint at 5. To the extent that Plaintiff is

13

alleging that Governor Lingle and Mr. Lopez's ongoing actions against Plaintiff are violating Title I in a continuing manner, that claim for relief is not barred by the Eleventh Amendment. See Agua Caliente, 223 F.3d at 1045 (recognizing the "exception to the Eleventh Amendment bar for suits for prospective declaratory and injunctive relief against state officers, sued in their official capacities, to enjoin an alleged ongoing violation of federal law").  Since it is unclear what prospective relief Plaintiff is seeking, Plaintiff must amend the Complaint within thirty days to identify the prospective declaratory and/or injunctive relief she is seeking.

All other claims under Title I of the ADA against Governor Lingle and Mr. Lopez (for retrospective relief and monetary damages) are barred by the Eleventh Amendment and thus must be dismissed.  See id.

**B. Title II of the ADA**

As discussed with respect to the State of Hawaii, it is unclear whether Plaintiff seeks to assert a claim under Title II of the ADA.  To the extent that Plaintiff is seeking to assert such a claim against Governor Lingle and Mr. Lopez, that claim fails because the Ninth Circuit has held that "Title II does not apply to employment."  Zimmerman v. Oregon Dep't of Justice, 170 F.3d 1169, 1184 (9th Cir. 1999) (recognizing an inter-circuit split of authority but finding that Title II of the ADA does not

14

apply to employment).  The allegations contained in the Complaint relate solely to Plaintiff's employment as opposed to the "public services" that are covered under Title II.  Id., 170 F.3d at 1172-1174.  For this reason, Plaintiff has failed to state a claim against the Governor Lingle and Mr. Lopez under Title II for which relief can be granted.

**III. Section 1983**

It is unclear whether Plaintiff is intending to allege a distinct cause of action under Section 1983.[3/]  The Complaint references Section 1983 as one of the statutes under which this action arises but fails to include a count under that statute.  See Complaint at 3.  Defendants argue that even if Plaintiff is alleging a cause of action under Section 1983, that claim fails because Defendants are not "persons" under that statute.  See Motion to Dismiss at 8.

"[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."  Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).

---

[3/] 42 U.S.C. § 1983 provides:
>   Every person who, under color of any statute,
>   ordinance, regulation, custom, or usage, of any State
>   or Territory or the District of Columbia, subjects, or
>   causes to be subjected, any citizen of the United
>   States or other person within the jurisdiction thereof
>   to the deprivation of any rights, privileges, or
>   immunities secured by the Constitution and laws, shall
>   be liable to the party injured in an action at law,
>   suit in equity, or other proper proceeding for redress
>   . . . .

15

Therefore, the State of Hawaii and its officials acting in their official capacity are not proper defendants under Section 1983. See id.; Wolfe v. Strankman, 392 F.3d 358, 364 (9th Cir. 2004). However, state officials acting in their official capacities, when sued for prospective declaratory and injunctive relief, are "persons" under Section 1983 because "official-capacity actions for prospective relief are not treated as actions against the State." See Will, 492 U.S. at 71 n. 10; see also Wolfe, 392 F.3d at 364-365 (permitting Section 1983 claims for prospective injunctive and declaratory relief against state officials acting in their official capacities). Therefore, to the extent the Complaint alleges a cause of action under Section 1983, that claim only can properly be asserted against Governor Lingle and Mr. Lopez for prospective relief.[4]

      Accordingly, all claims against the State of Hawaii under Section 1983 are dismissed; all claims against Governor Lingle and Mr. Lopez under Section 1983 for retroactive and monetary relief are dismissed. It is unclear from the Complaint exactly what prospective declaratory and/or injunctive relief Plaintiff is seeking under Section 1983. Therefore, Plaintiff must amend the Complaint within thirty days to clarify what

---

[4] Defendants' Motion to Dismiss does not challenge the Section 1983 claim on any other grounds; therefore, the Court will not address any other possible deficiencies in the Section 1983 claim.

prospective relief she is seeking.

## CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Defendants' Motion to Dismiss. The Court dismisses all claims against the State of Hawaii. The Court dismisses any claims made under Title II against Governor Lingle and Mr. Lopez. The Court dismisses the Title I and Section 1983 claims against Governor Lingle and Mr. Lopez to the extent that those claims seek retroactive or monetary relief.

The Court denies Defendants' Motion to Dismiss the claims against Governor Lingle and Mr. Lopez under Title I of the ADA and Section 1983 to the extent those claims seek prospective relief. However, the Court orders Plaintiff to file an amended complaint within thirty days, to clarify what prospective relief she is seeking. If Plaintiff fails to amend the Complaint, the Court hereby finds that Plaintiff has failed to articulate any claim for prospective relief, and the remaining claims against Governor Lingle and Mr. Lopez will be automatically dismissed at the expiration of the thirty day period.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, February 7, 2006.



_____
Alan C. Kay
Sr. United States District Judge

Lightsy v. State of Hawaii, Civ. No. 05-00515 ACK/LEK, Order Granting in Part Defendants' Motion to Dismiss.